# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| ISAAC A. POTTER, JR., | ) |
| | ) |
|     Plaintiff-Appellant, | )    14-1036 |
| | ) |
|     v. | ) |
| | )    Civil Action No. 1:13-cv-1417 |
| ROBERTA S. BREN, *et al.*, | )    (CMH/IDD) |
| | ) |
|     Defendant-Appellees. | ) |
| _____ | ) |

## USPTO APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Pursuant to Federal Rule of Appellate Procedure 27(a), Defendant-Appellees Michelle Lee,[1] Deputy Director the United States Patent and Trademark Office ("USPTO"), and USPTO employees Linda King, Jennifer Krisp, and Veronica White, in their official capacities (collectively, "USPTO Defendants"), by and through their undersigned counsel, hereby respectfully move this Court to dismiss the above-captioned appeal for a lack of jurisdiction.

---

[1] On January 13, 2014, Michelle K. Lee was appointed Deputy Undersecretary of Commerce and Deputy Director of the USPTO and assumed the duties and functions of the Undersecretary of Commerce and Director of the USPTO. As such, Deputy Director Lee is substituted for Teresa Stanek Rea in the instant appeal. *See* Fed. R. App. P. 43(c)(2).

1

## STATEMENT OF THE CASE

On November 5, 2013, Mr. Potter filed suit against the then Deputy Director of the USPTO and three USPTO employees, in their official capacities, as well as a private law firm and attorney, alleging a wide variety of causes of action ranging from fraud on the USPTO to economic espionage. *See* R.1.[2] Fourteen days after filing the complaint and before effecting service on any of the USPTO Defendants, Mr. Potter filed a motion for default judgment. *See* R.5.

On December 3, 2013, the USPTO Defendants entered a limited appearance for the purpose of opposing Mr. Potter's motion for default judgment, and argued that because they had not yet even been served, much less allowed sixty days after service to pass without response, they could not be in default. *See* R.10. As the USPTO Defendants explained, summonses had not yet even been issued in the action; as such, service of process, *i.e.*, the complaint *and* summons, could not have been effected. *See id.*[3]

On December 6, 2013, the District Court denied Mr. Potter's motion for default judgment, explaining that Mr. Potter's motion was "untimely" because

---

[2] "R." followed by a number refers to the document located at that number in the District Court's docket sheet.

[3] Summonses issued as to the Deputy Director of the USPTO and one of the USPTO employees, Linda King, on December 26, 2013. *See* R.13, R.14. No summons has yet been issued for either Ms. Krisp or Ms. White. The U.S. Attorney's Office was served on January 9, 2014. *See* R.21. Thus, pursuant to Federal Rule of Civil Procedure 12(a)(2), Ms. Lee and Ms. King must respond to

service had not yet been returned executed.  *See* R.11.  On December 18, 2013, Mr. Potter moved for "reconsiderations ([R]ule 54(b)), Rule 60 [r]elief from a judgment or [o]rder, and [f]or [c]laim [p]reclusion, [and for relief under] FRCP 41(b)."  *See* R.12.

On December 30, 2013, Mr. Potter filed the instant appeal of the District Court's order denying his motion for default judgment.  *See* R.15.  Pursuant to his Notice of Appeal, Mr. Potter also referenced his purported motion for "reconsiderations ([R]ule 54(b)), Rule 60 [r]elief from a judgment or [o]rder, and [f]or [c]laim [p]reclusion, [and for relief pursuant to] FRCP 41(b)," even though, at the time of his notice of appeal, the District Court had not ruled on that motion.  *See id*.

On January 2, 2014, the USPTO Defendants opposed Mr. Potter's motion for "reconsiderations ([R]ule 54(b)), Rule 60 [r]elief from a judgment or [o]rder, and [f]or [c]laim [p]reclusion, [and for relief under] FRCP 41(b)."  *See* R.17.  On January 10, 2014, the District Court denied Mr. Potter's motion for reconsideration under Rule 54, explaining that he had failed to establish that the District Court's order denying default judgment was "incorrect or unjust, or that it should be reconsidered for another reason."  *See* R.22.  The District Court also explained that

---

Mr. Potter's complaint by March 10, 2014.

its order denying default judgment was not a final order subject to relief from judgment under Rule 60, that Mr. Potter was not a defendant and therefore not able to move for judgment for Defendants' alleged failure to prosecute the action under Rule 41(b), and that he had failed to identify any "claim" he believed was "precluded," or otherwise satisfy the elements of collateral estoppel. *See id.*

## ARGUMENT

This Court lacks jurisdiction over Mr. Potter's appeal because no final decision has been issued in this action. Pursuant to federal statute, this Court may exercise appellate jurisdiction over "all final decisions of the District Courts of the United States." 28 U.S.C. § 1291.[4] In interpreting this statutory provision, the Supreme Court has held that "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citing *St. Louis I.M. & S. R.R. Co. v. Southern Exp. Co.*, 108 U.S. 24, 28 (1883)); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). From this premise, this Court has repeatedly articulated that "[o]rdinarily, a district court order is not 'final' until it

---

[4]The instant motion will not discuss this Court's potential jurisdiction over interlocutory orders pursuant to 28 U.S.C. § 1292(b), because Mr. Potter did not seek, and the District Court has not issued, any certificate providing that it has issued any decision that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

has resolved all claims as to all parties." *Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000) (citing *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)); *see also In re: Bryson*, 406 F.3d 284, 289 (4th Cir. 2005).

No order issued in this action resolves *any* of the claims in the action, much less "all claims as to all parties." *See Fox*, 201 F.3d at 530. The *only* orders issued in this case (other than an order allowing Mr. Potter to proceed *in forma pauperis*, *see* R.3) are orders *denying* motions for judgment. *See* R.11, R.22. As such, all of Mr. Potter's claims remain pending before the District Court; none have been resolved.

Moreover, a district court's denial of default judgment is not a final appealable order. *See, e.g.*, *Peoples v. Canty*, 359 Fed. Appx. 393, 394 (4th Cir. 2009); *see also Phox v. George E. Fern Co.*, 506 Fed. Appx. 530, 531 (8th Cir. 2013); *Jackson v. New York*, 289 Fed. Appx. 434, 435-36 (2nd Cir. 2008). Thus, because Mr. Potter appeals an order that is not a final appealable order, this Court lacks jurisdiction. *See, e.g.*, *Peoples*, 359 Fed. Appx. at 394. As such, the USPTO Defendants respectfully request that the Court dismiss Mr. Potter's appeal.

## **CONCLUSION**

For the foregoing reasons, the USPTO Defendants respectfully request that this Court dismiss the instant appeal without prejudice.

                                        Respectfully submitted,

                                        DANA J. BOENTE
                                        ACTING UNITED STATES ATTORNEY

By: _____/s/_____
KIMERE J. KIMBALL
Special Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3770
Kimere.kimball@usdoj.gov

January 17, 2014                       Attorney for USPTO Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th of January, 2014, I will send the foregoing via U.S. Postal Service First-Class Mail to:

>Isaac A. Potter, Jr.
>5503 S. Tampa Avenue
>Orlando, FL  32839
>
>Robert Carter Mattson
>Oblon Spivak McClelland Maier & Neustadt LLP
>1940 Duke St.
>Alexandria, VA  22314
>
>Lindsay Jane Kile
>Oblon Spivak McClelland Maier & Neustadt LLP
>1940 Duke St.
>Alexandria, VA  22314

>/s/
>KIMERE J. KIMBALL
>Special Assistant U.S. Attorney
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>Telephone: (703) 299-3770
>Fax:      (703) 299-3983
>Email:  kimere.kimball@usdoj.gov
>
>ATTORNEY FOR USPTO DEFENDANTS