UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

BRETT KIMBERLIN,
    Appellant,
v.

No. 17-1790

PATRICK FREY,
    Appellee.

**MOTION TO UNSEAL APPELLANT'S APPEAL BRIEF**

Now comes Appellant Brett Kimberlin and moves this Court to unseal the appeal brief he filed in this case. Appellant has a right under the First Amendment to appeal in public.

1. Appellant filed his appeal brief along with the instant motion. That brief was filed under seal because the lower court issued a protective order and required the summary judgment motions to also be filed under seal. This appeal relies on the same facts and documents relied on by the lower court and therefore Appellant's appeal is filed under seal despite the fact that this case does not involve national security matters.

2. The First Amendment provides an affirmative right of public access to virtually all judicial proceedings involved in civil proceedings. In *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th

Cir. 1988), the Court stated that documents used in a summary judgment motion must be made public:

> We find The New Yorker's reliance on *Seattle Times v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) to be unpersuasive. In *Seattle Times,* the Supreme Court merely held that the First Amendment did not preclude the district court from entering a protective order limiting disclosure of the products of pretrial discovery. *Id.* at 37, 104 S.Ct. at 2209. However, such discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court. *See Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.,* 800 F.2d 339, 343 (3d Cir.1986). The counsel for The New Yorker even acknowledged that if the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected under the Order. Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now. *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986)(recognizing that documents submitted as a part of motions for summary judgment are subject to public right of access); *In re Continental Illinois Sec. Litig.,* 732 F.2d 1302, 1308-10 (7th Cir.1984) (presumption of public right of access applies to motion to terminate derivative claims); *Joy v. North,* 692 F.2d 880, 893 (2d Cir.1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"); *cf.In re Washington Post Co.,* 807 F.2d 383, 389 (4th Cir.1986) (because the taking of a guilty plea serves as a substitute for a trial, it may reasonably be treated in the same manner as a trial for First Amendment purposes). [846 F.2d at 252].

> "In *In re Washington Post Co.,* this Court held that the more rigorous First Amendment standard should apply to documents filed in connection with plea hearings and sentencing hearings in criminal cases. 807 F.2d at 390. *We believe that the more rigorous First*

> *Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.* [846 F.2d at 253] (emphasis added).

The constitutional access right extends to "documents submitted in the course of a trial," *In re Time Inc.*, 182 F.3d at 271, and more generally to records submitted in connection with proceedings that are themselves subject to the access right, *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

The right exists because public access is critical to the successful functioning of the justice system. This is so because "'[p]ublic confidence cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.'" *Gannett Co. v. DePasquale*, 443 U.S. 368, 429 (1979) (Blackmun, J., dissenting in part) (citation omitted); *see also Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 587 (1976) (Brennan, J., concurring) ("[s]ecrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges").

Indeed, this Court recently emphasized the importance of access to court records to promote both "the public's interest in monitoring the

functioning of the courts" and "the integrity of the judiciary." *Pub. Citizen*, 749 F.3d at 266. The Supreme Court has also stressed that other "crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" *Richmond Newspapers*, 448 U.S. at 571 (citation omitted). None of these goals can be achieved without public access to the records submitted in federal litigation.

3. There is no provision under law that requires a party to appeal under seal in normal civil matters. Appellant appeal challenges the sealing order as a violation of the First Amendment.

Wherefore, Appellant moves this Court to order that the appeal be unsealed and considered publicly.

Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817
(301) 320 5921
justicejtmp@comcast.net

### CERTIFICATE OF SERVICE

I certify that I have served a copy of this brief and on Ron Coleman and Bruce Godfrey, counsel for Patrick Frey, this 14th day of October 2017.

Brett Kimberlin





