No. 15-1187

_____

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

RICKY HENSON, IAN GLOVER, KAREN PACOULOUTE f/k/a KAREN WELCOME KUTEYI
and PAULETTE HOUSE, on behalf of themselves and all others similarly situated,
*Plaintiffs – Appellants*,

v.

SANTANDER CONSUMER USA, INC.,
*Defendant –Appellee*.
and

NCB MANAGEMENT SERVICES, INC., COMMERCIAL RECOVERY SYSTEMS, Inc.,
*Defendants*.

_____

On Appeal from the United States District Court for the District of Maryland
No. 12-3519

_____

BRIEF AMICUS CURIAE OF AARP IN SUPPORT
OF PLAINTIFFS-APPELLANTS URGING REVERSAL

_____

JULIE NEPVEU (DC Bar No. 458305)
AARP FOUNDATION LITIGATION
601 E Street, NW
Washington, DC 20049
Tel. (202) 434-2075
jnepveu@aarp.org

Attorney for Amicus Curiae AARP

# TABLE OF CONTENTS

Table of Authorities ............................................................................... iii

Issue Presented on Appeal ......................................................................1

Statement of Interest ..............................................................................1

Introduction and Summary of The Argument.............................................4

Argument.................................................................................................8

I.    The Court Erred In Dismissing The Complaint Upon A Motion
To Dismiss Where Plaintiffs Pled A Plausible Claim For Relief
Under The FDCPA .............................................................................8

    A.    The District Court Erred In Dismissing The Complaint On
A Rule 12(b)(6) Motion Because It Failed To Accept All
Well-Pled Facts As True, To Construe Them In The Light
Most Favorable To Plaintiffs, And To Draw All Reasonable
Inferences ...........................................................................9

    B.    The Court Erred In Finding That Dismissal Was Required
Because Plaintiffs Did Not Specifically Plead That The Debts
Were Purchased "Solely For The Purpose Of Facilitating
Collection Of Such Debt For Another"..............................14

    C.    The Court Erred In Imposing Pleading Requirements That
Are Not Essential Elements Of Pleading An FDCPA Claim
Sufficient To Survive A Motion To Dismiss ......................18

II.    Upholding The Motion To Dismiss Will Substantially Narrow
       Essential Protection Against Abusive Debt Collections That
       Wreak Havoc On Debtors And Overburdened State Courts And
       Enforcement Agencies That Already Are Struggling To Respond
       To The Explosion In Debt Collection Abuses Perpetrated
       By Debt Buyers ............................................................................20

Conclusion ........................................................................................23

Certificate of Compliance ...............................................................25

Certificate of Service .......................................................................26

# TABLE OF AUTHORITIES

## Cases

*Allen v. Silverman Theologou, LLP*,
　　2015 U.S. Dist. LEXIS 59184
　　(D. Md. May 6, 2015)..................................................................9

*Andrew v. Clark*,
　　561 F.3d 261(4th Cir. 2009).......................................................13

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009)..........................................................6, 10, 11

*Bell Atlantic Corp v. Twombly*,
　　550 U.S. 544 (2007)..........................................................6, 10, 11

*Bistrian v. Levi*,
　　696 F. Supp. 352 (3d Cir. 2012)..................................................8

*Bradshaw v. Hilco Receivables, LLC*,
　　765 F. Supp. 2d 719 (D. Md. 2011)............................................20

*Bridge v. Ocwen Fed. Bank, FSB*,
　　681 F.3d 355 (6th Cir. 2012) .....................................................17

*Clatterbuck v. City of Charlottesville*,
　　708 F.3d 549 (4th Cir. 2013)....................................................6, 7

*Dikun v. Streich*,
　　369 F. Supp. 2d 781 (E.D. Va. 2005).............................................9

*Edwards v. City of Goldsboro*,
　　178 F.3d 231 (4th Cir. 1999)....................................................5, 13

*Erickson v. Pardus*,
　　551 U.S. 89 (2007).................................................................4, 9

*Francis v. Giacomelli*,
　　588 F.3d 186 (4th Cir. 2009).......................................................10

iii

*FTC v. Check Investors, Inc.*,
    502 F.3d 159 (3d Cir. 2007) ..........................................................15

*Giarratano v. Johnson*,
    521 F.3d 298 (4th Cir. 2008) .......................................................10

*Goodman v. Praxair, Inc.*,
    494 F.3d 458 (4th Cir. 2007) ..................................................13, 14

*Hall v. Virginia*,
    385 F.3d 421 (4th Cir. 2004) .......................................................16

*Heintz v. Jenkins*,
    514 U.S. 291, 292 (1995)...............................................................19

*Johnson v. BAC Home Loans Servicing*,
    867 F. Supp. 2d 766 (E.D.N.C. Sept. 29, 2011)..............................6, 9

*Leatherman v. Tarrant County Narcotics Intelligence and*
    *Coordination Unit*,
    507 U.S. 163 (1993)......................................................................19

*Lembach v. Bierman*,
    528 F. App'x 297 (4th Cir. 2013) ....................................................9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................7

*Peckey v. Bank of Am., N.A.*,
    No. RDB-14-433, 2015 U.S. Dist. LEXIS 47210
    (D. Md. Apr. 10, 2015)...................................................................7

*Presley v. City of Charlottesville*,
    464 F.3d 480 (4th Cir. 2006) .......................................................13

*Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*,
    948 F. Supp. 2d 525 (D. Md. 2013)...............................................19

*Richmond, Fredericksburg & Potomac R.R. v. Forst*,
    4 F.3d 244 (4th Cir. 1993) .................................................................4, 13. 14

*Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,
    No. 14-1729, 2015 U.S. App. LEXIS 7651
    (7th Cir. Ill. May 8, 2015) ...............................................................................23

*Stewart v. Bierman*,
    859 F. Supp. 2d 754 (D. Md. 2012) .................................................................. 8

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)....................................................................................11, 18

*Withers v. Eveland*,
    988 F. Supp. 942 (E.D. Va. 1997)...................................................................... 9

*Yarney v. Ocwen Loan Servicing, LLC*,
    929 F. Supp. 2d 569 (W.D. Va. 2013) ............................................................... 9

## STATUTES and RULES

15 U.S.C. § 1692 *et seq.*,.....................................................................................3
15 U.S.C. § 1692a(6) .........................................................................................19
15 U.S.C. § 1692a(4) ...................................................................................2, 5, 14

Fed. R. Civ. P. 8 ............................................................................................5, 10
Fed. R. Civ. P. 12 (b)(6)...............................................................................*passim*
Fed. R. Civ. P. Rule 15(a)(2) ...............................................................................5

Debt Collection (Regulation F):
    Advanced Notice of Proposed Rulemaking,
    78 Fed. Reg. 67848 (Nov. 12, 2013) ......................................................18, 19

Md. Rule 3-306 .................................................................................................20

Statements of General Policy or Interpretation Staff Commentary On
the Fair Debt Collection Practices Act, 53 FR 50097 (Dec. 13, 1988) ...........5, 6, 19

Uniform Retail Credit Classification and Account Management
Policy, 64 FR 6655 (Feb. 10, 1999)....................................................................15

## MISCELLANEOUS

*Amendments to the Maryland Rules of Procedure in Consumer Debt Collection Cases*, State Collection Agency Licensing Board And Office Of The Attorney General Of Maryland Report To Senate Judicial Proceedings Committee, Senate Finance Committee, House Judiciary Committee, House Economic Matters Committee Submitted In Accordance With Chapter 322 Of The Acts Of 2011 (Dec. 9, 2010), *available at* http://dlslibrary.state.md.us/publications/Exec/ DLLR/HB358Ch332(8)_2011.pdf .........................................................21, 22

Peter Holland, *The One Hundred Billion Dollar Problem in Small Claims Court: Robo-Signing and Lack of Proof in Debt Buyer Cases*, 6 J. of Bus. And Tech. 259 (2011) ...........................20

Jamie Smith Hopkins, *A push for more proof in debt-collection lawsuits*, Baltimore Sun. (July 4, 2011, 5pm EST) ..............................................................................21

Santander Consumer USA Holdings Inc., Annual Report (Form 10-k) (Mar. 2, 2015) ...........................................16, 17

U.S. Bureau of Consumer Fin. Prot., *Fair Debt Collection Practices Act: CFPB Annual Report 2013* (Mar. 20, 2013), *available at* http://files.consumerfinance.gov/f/201303_cfpb_March_ FDCPA_Report1.pdf ....................................................................................20

U.S. Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* (Jan. 2013), *available at* http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf...................................20

**Issue Presented on Appeal**

Whether a commercial entity that purchases a consumer debt from the originating creditor after default and attempts to collect on the defaulted debt is a "debt collector" under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692a(6).?

Suggested Answer: Yes.

AARP has filed a motion to participate Amicus Curiae. Plaintiffs-Appellants consent to AARP participating as Amicus Curiae. Defendant Appellants do not consent.

Pursuant to F. R. A. P. § 29(c)(5), AARP states that this brief was not authored in whole or in part by any party or its counsel, and that no person other than AARP, its members, or its counsel contributed any money that was intended to fund the preparation and submission of this brief.

**Statement of Interest**

Older people are confronted with an increasing barrage of collection actions, that are often performed in an unfair and abusive manner, particularly by debt collection agencies, debt buyers, and collection mill law firms. The incidence of such abuse has been exacerbated drastically by the exponential growth of the debt buying industry, a secondary market for the sale of defaulted debt that has been charged off an original creditor's books. Debt buyers purchase such defaulted debt

1

"as is" because it presents a highly lucrative opportunity to collect the full face value of the debt for an upfront cost of only pennies on the dollar. In other words, they purchase defaulted debt "solely to facilitate the collection of debt for another." 15 U.S.C. 1692a( 4). Even though they are owners of the debt after they purchase it, they do not take on the status of being a creditor.

Debt collection mills churn out collection calls, letters, and lawsuits to collect debt of often questionable validity. Typically, no records are purchased from the original creditor to support a subsequent collector's claim that the debt is owed by the person who is being pursued, that the amount alleged is correct, or that the debt is within the statute of limitations. Records showing a chain of title to demonstrate present ownership of the debt is also absent in most cases, making it difficult to be sure who actually owns the debt.

Though distressing at any age, older people are especially vulnerable to abusive debt collection practices, which can actually threaten their health. Older people often misunderstand or fear the legal process. They also become greatly distressed by threats, abusive and repetitive telephone calls, and letters, and many believe that they will go to jail if they receive or perceive a threat of litigation or an actual court summons. As a result, they may be coerced into paying alleged debts that they do not owe. But whether a person owes a debt or not, the purpose of the FDCPA is to prevent the unfair and abusive practices by debt collectors in light of

2

the lack of market forces, such as reputational risk or customer relations, that tend to temper the actions of original creditors collecting on their own debt.

AARP has a strong interest in protecting older people from abusive collection practices. AARP is a nonprofit, nonpartisan organization with a membership that helps people turn their goals and dreams into real possibilities, strengthens communities and fights for the issues that matter most to families such as healthcare, employment and income security, retirement planning, affordable utilities and protection from financial abuse. As the leading organization representing the interests of people aged fifty and older, AARP is greatly concerned about fraudulent and abusive practices being used to collect debt. AARP files amicus curiae brief in state and federal courts and advocates for stronger state law and federal regulation to protect against the growing problem of abusive dent collections. AARP works to ensure that the protections provided by the Fair Debt Collection Practices Act, ("FDCPA" or "Act") 15 U.S.C. § 1692 *et seq.*, are not weakened by unduly narrow interpretations of the law or imposition of restrictive pleading requirements that prevent robust enforcement. Without the realistic prospect that unfair and abusive debt collection tactics will be subject to legal challenge, debt collectors will have no effective limit on how they collect debts and the broad remedial intent of Congress in enacting the FDCPA to protect consumers from such abuses will be thwarted.

3

This brief focuses on distinct issues not addressed by the Plaintiffs or its other Amici, which persuasively argue that Santander is not a creditor exempt from liability under the FDCPA.  Specifically, this brief argues that the district court applied an erroneous standard of review on a motion to dismiss and imposed impermissible heightened pleading requirements to state a claim under the FDCPA.  The arguments presented by AARP will lend additional context to the issues being decided and will assist this honorable Court in evaluating the issue presented on appeal.

## Introduction And Summary Of The Argument

This Court's review must begin with the proper statutory interpretation of the FDCPA, which Plaintiffs and its other amici have argued persuasively.  The gravamen of that argument, with which AARP concurs, is that a collector that purchases defaulted debt from an original creditor, and seeks to collect it in its own name, is a debt collector subject to liability for violations of the FDCPA.

On appeal, Plaintiffs dispute the district court's finding that Santander is a creditor that is exempt from the provisions of the FDCPA.  The court's dismissal of the complaint relied on an erroneous statutory interpretation of the definition of "debt collector" and "creditor" and erroneously applied the Act's limited creditor exemption from liability to Santander.  Additionally, the court failed to "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*,

4

551 U.S. 89, 93(2007), and" draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Specifically, the court found that Santander is a creditor not subject to the provisions of the FDCPA because the debts at issue were owned by Santander—which happens to originate and service loans in addition to collecting them for themselves and for others—and they were being collected in its own name.[1] *See* Mem. Op. at 11-12. The court's logic is that if the debts are being collected in Santander's own name, they cannot fall under the definition of "debt collector" because they are not "the debt[s] for another." 15 U.S.C. § 1692(a)(4).

The district court's interpretation of the FDCPA is contrary to well-established law holding that a collector who purchases a defaulted debt and then seeks to collect it, even under its own name, falls within the FDCPA's definition of a debt collector subject to liability for violations of the Act. *See* Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act Sec. 803 Definitions, 53 FR 50097 (Dec. 13, 1988) [hereinafter FTC Commentary]. Santander is ineligible to take advantage of the limited creditor

---

[1] In any event, this finding fails to accept as true Plaintiffs' allegation that the letters Santander and its collection partners sent indicated that Santander was collecting the alleged debts in the name of CitiFinancial. *See* J.A. at 12.

5

exception. *See id*. ("The exemption does not apply to a party related to a creditor if it also collects debts for others in addition to the related creditors.").

The court also erred in dismissing the complaint pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiffs pled facts that state a plausible claim for relief. The court correctly stated the standard of review for a motion to dismiss, but failed to apply that standard properly. Specifically, the court failed to accept facts pled as true and, to view the facts in the light most favorable to the Plaintiffs. It further failed to make reasonable inferences that arise from those facts. Finally, the court improperly imposed specific pleading requirements that are not elements of a claim under the FDCPA.

Respectfully, this Court should reverse the district court and remand it for further proceedings. It is essential for this Court to guard against district courts interpreting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as imposing a requirement to plead facts that relate to each phrase in the statutory language. This is not the purpose of the holdings in those cases. To state a claim under Rule 8(a), a plaintiff need only "inform[] [Defendants] of the factual basis for their complaint[.]" *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

This Court should also reject the district court's finding that specific additional pleading standards are required. *See Clatterbuck v. City of*

6

*Charlottesville,* 708 F.3d 549, 558 (4th Cir. 2013) (finding "[t]hese general factual allegations … may suffice . . . on a motion to dismiss [to allow us to] presume that [they] embrace those specific facts that are necessary to support the claim. We decline the City's invitation to rigidly impose such a precise level of specificity at the pleadings stage.") (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (internal quotation marks omitted)). Such heightened pleading requirements are not proper. They also frustrate enforcement of the FDCPA. *See Peckey v. Bank of Am., N.A.*, No. RDB-14-433, 2015 U.S. Dist. LEXIS 47210, at *8 (D. Md. Apr. 10, 2015) (finding that the plaintiffs had sufficiently alleged that the time of collection of the debts could plausibly have been within one year).

The impact of the district court's legal interpretation and stringent pleading requirements will be disastrous if upheld. Debt collection abuses—by debt buyers in particular—have exploded over the past decade. They are causing untold suffering for many alleged debtors who do not owe the debts for which they are being pursued, including individuals whose claims were dismissed in this case, as well as those who may owe the debt but who are being subjected to threats and harassment—the very harm Congress sought to address when it enacted the FDCPA.

Respectfully, this Court should find that Plaintiffs' complaint adequately pleads facts from which the court can reasonably infer that Santander is a debt

collector, and that the complaint makes out a claim under the FDCPA that is

sufficient to survive a Rule 12(b)(6) motion to dismiss.  AARP urges this Court to

reverse the dismissal of Plaintiffs' complaint and remand it to the district court for

further proceedings.

Argument

## I.    The Court Erred In Dismissing The Complaint Upon A Motion To Dismiss Where Plaintiffs Pled A Plausible Claim For Relief Under The FDCPA

This Court should reverse the district court findings that dismissal was

appropriate because the Plaintiffs' allegations amounted only to "threadbare

allegations" or "conclusory statements" that could not state a plausible claim for

relief under the FDCPA.  Mem. Op. at 4.  *See Bistrian v. Levi,* 696 F.3d 352, 365

(3d Cir. 2012) (stating that, in evaluating a complaint for sufficiency, the court (1)

outlines the elements a plaintiff must plead to state a claim for relief, (2) disregards

allegations that are no more than conclusions, and (3) looks for well-pled factual

allegations and, assuming their truth, determine whether they plausibly give rise to

an entitlement to relief.)

To state a claim under the FDCPA, a plaintiff must sufficiently allege that

"'(1) the plaintiff has been the object of collection activity arising from consumer

debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the

defendant has engaged in an act or omission prohibited by the FDCPA.'" *Stewart*

8

*v. Bierman,* 859 F. Supp. 2d 754, 759 (D. Md. 2012) (internal alteration omitted) (citing *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005); *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. Sept. 29, 2011)), aff'd sub nom. *Lembach v. Bierman,* 528 F. App'x 297 (4th Cir. 2013). *See also Yarney v. Ocwen Loan Servicing, LLC*, 929 F. Supp. 2d 569, 574-75 (W.D. Va. 2013) (citing *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997)).

Plaintiffs' complaint addresses each of these elements with sufficient facts to state a claim. *See Allen v. Silverman Theologou, LLP*, 2015 U.S. Dist. LEXIS 59184, at *7-8 (D. Md. May 6, 2015) ("plaintiffs have sufficiently alleged that Silverman is a 'collection agency' under the MCALA. They claim that Silverman 'engages directly or indirectly in the business of: (1)(i) collecting for, or soliciting from another, a consumer claim' by attempting to collect consumer debts on behalf of its clients.") (internal citations omitted). No additional pleading requirements may be imposed by the courts.

> **A.    The District Court Erred In Dismissing The Complaint On A Rule 12(b)(6) Motion Because It Failed To Accept All Well-Pled Facts As True, To Construe Them In The Light Most Favorable To Plaintiffs, And To Draw All Reasonable Inferences.**

Despite correctly stating the standard of review upon a motion to dismiss, *see* Mem. Op. at 4-5, the court erred by failing to properly apply that standard. In *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), the Supreme Court reiterated that:

9

[Fed. R. Civ. P.] 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the court must "accept as true all of the factual allegations contained in the complaint." (citations omitted). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) …. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. [*Id.* at 555-56].

Under a correct application of the motion to dismiss standard, Plaintiff's claims should not have been dismissed. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) ("[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in [Fed. R. Civ. P.] 8 (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"). Fed. R. Civ. P. 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further

10

factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002). *Twombly*, 550 U.S. at 555, requires only that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"

Contrary to the district court's findings, Plaintiffs complaint averred more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and thus satisfies the pleading requirements. *Iqbal*, 556 U.S. at 678. For example, as the district court found, plaintiffs pled that "'Santander, as a non-originating debt buyer, falls within the definition of 'debt collector' because it 'regularly collects or attempts to collect debts owed or due[.]'" Mem. Op at 7, (citing generally, Compl., ECF No. 1; cf. Pls.' Opp'n Def. Santander's Mot. Dismiss, ECF No. 15, at 14, 15 n.6 (emphasis added)). Plaintiff further alleged that the debts at issue—deficiency balances on approximately 3,000 accounts originated by CitiFinancial, for which the vehicles that secured delinquent loans were repossessed and sold—were obtained by Santander for collection after the loans were in default and that Santander sought to collect those debts. J.A. 12. Moreover, Santander sought to collect them under CitiFinancial's name after it purchased them.

11

Additionally, Plaintiffs clearly pled that the debts at issue were originated by CitiFinancial, not Santander; that Santander was seeking to collect debt that it purchased after default and that it did not originate;[2] that the complaint was not challenging the servicing activities Santander conducted for CitiFinancial, but rather, only the debt collection activities that Santander performed after it purchased the defaulted deficiency balances on the accounts from CitiFinancial; and that Santander regularly collects delinquent debts that it has not itself originated. *See* J.A. at 10.

Despite acknowledging these and other factual allegations related to Santander's status as a debt collector, *see e.g.* Mem. Op. at 7, the district court found the allegations to be conclusory such that the court was not required to accept them as true. Mem. Op. at 15. The court also resolved the contested factual allegations against the Plaintiffs, specifically accepting the Defendant's factual assertions raised in defense, finding:

> In support of its Motion to Dismiss, Santander argues that it is a creditor exempt from liability under the FDCPA *because it held the debt and collected the same on its own behalf.* . . .Consequently,

---

[2]  Despite the possibility that Santander is an original creditor for some loans, it is error for the district court to conclude that Santander is a creditor for all purposes. *See Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 536 (7th Cir. 2003) ("for debts that do not originate with the one attempting collection, but are acquired from another, the collection activity related to that debt could logically fall into either category.").

12

> Santander asserts that the assignee exception does not apply precisely because Plaintiffs have not, nor could they have, alleged that Santander acquired the debt "solely for the purpose of facilitating collection of the debt of another."

Mem. Op. at 8 (citations omitted) (emphasis added).

Resolving such contested factual allegations on a motion to dismiss is legal error. The contested factual issues relating to whether Santander is a debt collector as to the specific debts at issue in this case "cannot be decided on a motion to dismiss pursuant to Rule 12(b)(6)." *Andrew v. Clark*, 561 F.3d 261, 267 (4th Cir. 2009). "[A] motion pursuant to Rule 12(b)(6) typically 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (resolving affirmative defenses on a motion to dismiss may be permitted only "in the relatively rare circumstances where [all] facts necessary to the affirmative defense" "'clearly appear[ ] on the face of the complaint,' or other documents that are proper subjects of consideration under Rule 12(b)(6)" (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*)).

But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint," the court may resolve the

13

applicability of a defense by way of a Rule 12(b)(6) motion. *Goodman*, 494 F.3d at 464. "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*). No facts clearly demonstrating that Santander purchased the debts for reasons other than to "collect the debts owed to another" were clear on the face of the complaint, which alleges facts demonstrating the opposite.

### B. The Court Erred In Finding That Dismissal Was Required Because Plaintiffs Did Not Specifically Plead That The Debts Were Purchased "Solely For The Purpose Of Facilitating Collection Of Such Debt For Another."

The court further failed to view the allegations in the light most favorable to the plaintiff or to draw reasonable inferences that Plaintiffs argued flow from the allegations in the complaint. For example, although Plaintiffs alleged that Santander's *actual* conduct was, in fact, the collection of the debts at issue, the district court inexplicably declined to infer that Santander purchased the accounts owed to CitiFinancial "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. §1692(a)(4); Mem. Op. at 9. The court found that absent factual allegations specifically addressing this point, the complaint made only conclusory threadbare assertions that Santander is a debt collector that were insufficient to survive a motion to dismiss. Mem. Op. at 9.

14

This conclusion is not reasonable, because the only other purpose for Santander purchasing the debts that is even remotely suggested in any of pleadings before the court is that Santander also services debts for other originators. But that is not what Santander in fact did with these debts after it purchased them. In any event, that Santander services debts it originates and also on behalf of other originators does not suffice to make the creditor exception applicable to Santander with respect to the collection of the debts at issue in this case. *See FTC v. Check Investors, Inc.*, 502 F.3d 159, 174 (3d Cir. 2007) (finding "[t]he fact that the NSF checks were purchased and owned outright by Check Investors, rather than Check Investors merely receiving an assignment of the rights of the original payee is therefore irrelevant for purposes of determining whether Check Investors was acting as a debt collector or creditor. Check Investors clearly had no intention of servicing the debt.").

Moreover, it is not reasonable to infer that Santander purchased the debts to service them. As Plaintiffs alleged, the accounts were purchased after they were already in default. Pursuant to federal regulations, a creditor is required to charge-off closed-end credit accounts that are delinquent for longer than 120 days or upon the repossession and sale of the vehicle. Uniform Retail Credit Classification and Account Management Policy, 64 FR 6655 (Feb. 10, 1999). The debts at issue in this case—purchased and collected on after they were charged off—were not open

15

accounts that it reasonably can be inferred will be serviced after they are

purchased.  Thus, as the court explained in *Schlosser*:

> Focusing on the status of the obligation asserted by the assignee is
> reasonable in light of the conduct regulated by the statute.  For those
> who acquire debts originated by others, the distinction drawn by the
> statute --whether the loan was in default at the time of the assignment--
> makes sense as an indication of whether the activity directed at the
> consumer will be servicing or collection.  If the loan is current when it is
> acquired, the relationship between the assignee and the debtor is, for
> purposes of regulating communications and collections practices,
> effectively the same as that between originator and the debtor.  If the
> loan is in default, no ongoing relationship is likely and the only activity
> will be collection.

323 F.3d at 538.

Santander's corporate securities filings confirm that it purchases defaulted

debt for collection purposes from a variety of originating creditors including

CitiFinancial, Chrysler, and others.  *See* Santander Consumer USA Holdings Inc,

Annual Report (Form 10-k) 4 (Mar. 2, 2015).  Doing so provides it a significant

income stream that is easily integrated into its overall operations.  *Id.*  This Court

may take judicial notice, even on appeal, of public records.  *See Hall v. Virginia*,

385 F.3d 421, 424 n.3 (4th Cir. 2004) (judicially noticing voting-age population

statistics publicly available on Virginia State website on review of dismissal of

complaint under Fed. R. Civ. P. (12)(b)(6)).  Moreover, Santander holds such debts

"off its balance sheet."  *See* Santander Consumer USA Holdings Inc, Annual

16

Report (Form 10-k) 8 (Mar. 2, 2015). Federal regulations require that credit being serviced be accounted for on the balance sheets. Thus, Santander's own accounting records belie its assertion that it cannot be a debt collector pursuant to the FDCPA because it is a creditor.

Under the FDCPA, the definition of a creditor and a debt collector are mutually exclusive. The court's error arises from the predicate that the business model of being a creditor or a debt collector also are mutually exclusive. They are not. The court erred in finding that Santander cannot be a debt collector under the FDCPA because the facts pled in the complaint indicate that Santander also originates and services credit. *See* J.A. at 12. The fact that Santander sometimes originates credit is irrelevant to the question of whether Santander was acting as a creditor or debt collector as defined by the statute *with respect to the debts at issue in this case*. Being an FDCPA creditor with respect to some loans does not preclude it being a debt collector with respect to others, or with respect to the same loans at a different period of time and under different factual circumstances. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 360 n.4 (6th Cir. 2012) ("a loan servicer will become a debt collector under 1692a(6)(F)(iii) if the debt was in default or treated as such when it was acquired.").

Moreover, as recognized by the agencies responsible for implementing the FDCPA have found, the efficiencies of scale that come with specialization of debt

17

collection services have spawned an entire industry to provide a wide range of account receivable services, including purchasing and collecting on defaulted debt. *See* Debt Collection (Regulation F): Advanced Notice of Proposed Rulemaking, 78 Fed. Reg. 67848, 67849 (Nov. 12, 2013). Santander's own description of its business model, which includes first and third party debt collection arms in addition to its originating and servicing arms, demonstrate that the court's one-dimensional view of the business is not reasonable.

Even if the district court did not err in finding the complaint failed to plead sufficient facts to survive a motion to dismiss, that does not establish, as the court found, that Santander is a creditor exempt from liability under the FDCPA. It merely means Plaintiff failed to state a claim that Santander is a debt collector. The court should not preclude Plaintiff amending its complaint to allege facts sufficient to show that the debts obtained after default were obtained "solely for the purpose of facilitating the collection of such debt for another." J.A. at 28.

### C.    The Court Erred In Imposing Pleading Requirements That Are Not Essential Elements Of Pleading An FDCPA Claim Sufficient To Survive A Motion To Dismiss.

The court also erred by imposing pleading requirements beyond those necessary to set forth the elements of the claim. "A requirement of greater specificity for particular claims is a result that 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" *Swierkiewicz v.*

18

*Sorema N.A.,* 534 U.S. 506, 515 (2002) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)).

First, the court faulted the sufficiency of Plaintiffs complaint because it lacked a "plausible allegation that Santander's *primary business purpose* is the collection of debts." Mem. Op, at 7. This is not the correct standard for an FDCPA claim, which provides that the statute applies to those that "regularly engage[] in the collection of debts." 15 U.S.C. § 1692a(6); *Ramsay v. Sawyer Prop. Mgmt. of Md., LLC,* 948 F. Supp. 2d 525, 531 (D. Md. 2013) (providing influential guidance regarding the meaning of the FDCPA); *see also* FTC commentary; 78 Fed. Reg. at 67849. Indeed, although attorneys may be considered debt collectors under the Act, their business is not typically viewed primarily as debt collection. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (holding that attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of the FDCPA).

The court further faulted "Plaintiffs [for] hav[ing] failed to allege that Defendant Santander is attempting to improperly 'masquerade' or shield itself under § 1692(a)(4)'s creditor exemption precisely because Plaintiff affirmatively alleges that Santander acquires debts for servicing rather than just mere collection." Mem. Op. at 10-11. The term "masquerade" appears nowhere in the language of the FDCPA and is completely unnecessary to make out a claim under

19

the FDCPA.  In any event, the FDCPA is a strict liability statute.  *See Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 725 (D. Md. 2011) ("The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability.").  Thus, the intention of the collector is not a defense to liability and is irrelevant to the question whether a collector meets the statutory definition of a creditor entitled to such an exemption.

## II.   Upholding The Motion To Dismiss Will Substantially Narrow Essential Protection Against Abusive Debt Collections That Wreak Havoc On Debtors And Overburdened State Courts And Enforcement Agencies That Already Are Struggling To Respond To The Explosion In Debt Collection Abuses Perpetrated By Debt Buyers.

As with state courts across the country, Maryland courts are inundated with abusive debt collection actions.[3]  In 2011, Maryland courts amended the judicial procedures applicable to obtain a judgment on affidavit in an effort to better protect consumers from debt collection abuses and to increase transparency in debt collection actions.  *See* Md. Rule 3-306; Peter Holland, *The One Hundred Billion Dollar Problem in Small Claims Court: Robo-Signing and Lack of Proof in Debt*

---

[3]  *See* U.S. Bureau of Consumer Fin. Prot., *Fair Debt Collection Practices Act: CFPB Annual Report 2013* at 9(Mar. 20, 2013) [hereinafter 2013 FDCPA Annual Report], *available at* http://files.consumerfinance.gov/f/201303_cfpb_March_FDCPA_Report1.pdf; U.S. Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* at 30-34 (Jan. 2013), *available at* https://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.

20

*Buyer Cases*, 6 J. of Bus. And Tech. 259, 272-274 (2011) (noting that the procedures are designed to ensure that courts have sufficient information to evaluate the validity of the debt when it enters a judgment on affidavit, while not imposing undue barriers to the collection of valid debts.)

Maryland's Office of Attorney General prepared and submitted a report in support of the recommended amendments to the judicial procedures, detailing the significant abuses being perpetrated particularly by debt buyers.[4]  The report describes the need to provide better protection for consumers and the courts, considering the significant concerns about the inherently unreliable information upon which debt buyer collection efforts are based and the increasing complaints by consumers that they are being pursued and sued for debt that is invalid because they do not owe it, it is the wrong amount, it has been discharged in bankruptcy, is beyond the statute of limitations, or otherwise.  The facts of this case are another example of debt collection abuses that should be prevented; they were sold and

---

[4] Jamie Smith Hopkins, *A push for more proof in debt-collection lawsuits*, Baltimore Sun. (July 4, 2011, 5pm EST), *available at* http://www.baltimoresun.com/business/bs-bz-debt-collection-overhaul-20110724-story.html#page=1; *Amendments to the Maryland Rules of Procedure in Consumer Debt Collection Cases*, State Collection Agency Licensing Board And Office Of The Attorney General Of Maryland Report To Senate Judicial Proceedings Committee, Senate Finance Committee, House Judiciary Committee, House Economic Matters Committee Submitted In Accordance With Chapter 322 Of The Acts Of 2011 (Dec. 9, 2010), *available at* http://dlslibrary.state.md.us/publications/Exec/DLLR/HB358Ch332(8)_2011.pdf.

collection as attempted at a time when both the original creditor and the debt buyer—defendant Santander—were well aware that the alleged debts were about to eliminated through a class action settlement pending final approval.

Despite having enacted among the most stringent collection requirements in the country, including judicial procedural rules and licensing requirements, debtors in Maryland still face significant abuse from debt collectors. Robust enforcement of the protections provided by the FDCPA are essential to curb debt collection abuses, like those alleged in this case. The district court's overly restrictive statutory interpretation and pleading requirements are inconsistent with the broad remedial intent of the statute.

Moreover, the important interplay between state and federal debt collection law is at risk should the district court's order be upheld. *See Amendments to the Maryland Rules of Procedure in Consumer Debt Collection Cases*, State Collection Agency Licensing Board And Office Of The Attorney General Of Maryland Report To Senate Judicial Proceedings Committee, Senate Finance Committee, House Judiciary Committee, House Economic Matters Committee Submitted In Accordance With Chapter 322 Of The Acts Of 2011, 4-7 (Dec. 9, 2010), *available at* http://dlslibrary.state.md.us/publications/Exec/DLLR/HB358Ch332(8)_2011.pdf.

22

(describing interplay of federal and state laws relating to debt collections.  For example, violations of the FDCPA are per se violations of the MDCPA.  If Debt buyers are exempted as creditors under the federal FDCPA, they will also escape liability under state law.  Importantly, the district court's decision would prevent claims by alleged debtors, similar to those seeking relief in this case, who do not owe the debt being collected where the collector asserts it is a creditor, contrary to the assertions of a debtor that thy do not even owe a debt.

This Court's review should be particularly cautious where, as here, the opportunity to amend the complaint was not provided.  "The liberal standard for amending a pleading under Rule 15(a)(2) is especially important where the law is uncertain.  In the wake of *Twombly* and *Iqbal*, there remain considerable uncertainty and variation among the lower courts as to just how demanding pleading standards have become." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, No. 14-1729, 2015 U.S. App. LEXIS 7651, *14-15 (7th Cir. Ill. May 8, 2015).

Conclusion

For the foregoing reasons, the dismissal of Plaintiffs' complaint should be reversed and this case should be remanded for further proceedings.

Dated: June 19, 2015                          Respectfully submitted,


                                              /s/*Julie Nepveu*
                                              Julie Nepveu
                                              AARP Foundation Litigation
                                              601 E Street, NW
                                              Washington, DC 20049
                                              Tel. (202) 434-2075
                                              jnepveu@aarp.org

                                              Attorney for Amicus Curiae AARP

24

# CERTIFICATE OF COMPLIANCE

1. Amici curiae certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because: this brief contains 5642 words, excluding the parts of the brief exempted by Fed. R. Ap. P. 32(a)(7)(B)(iii).

2. Amici curiae certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in Times New Roman 14-point font.

3. Pursuant to Fed. R. App. P. 29, amici curiae certify that Plaintiffs-Appellants have consented to the filing of this brief. Defendants-Appellees do not consent.  Amici further certify that no party or party's counsel authored this brief in whole or in part; and no person other than amici contributed money intended to fund the brief's preparation or submission.

Dated:  June 19, 2015                    /s/*Julie Nepveu*
                                         Julie Nepveu
                                         Attorney for AARP

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2015, I electronically filed the original of the foregoing document with the Clerk of this Court by using the CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Further, upon receipt of the Court's Order, I will cause the required number of bound (8) copies of the foregoing Brief to be placed via mail First Class to be filed with the Clerk of this court and to all participants listed.

Steven T. Fowler, Esq.
sfowler@reedsmith.com
REED SMITH LLP
3110 Fairview Park Drive
Suite #1400
Falls Church, VA 22042
Tel. (703) 641-4262

Travis Sabalewski
REED SMITH LLP
Riverfront Plaza - West Tower
901 E. Byrd Street
Suite #1700
Richmond, VA 23219
tsabalewski@reedsmith.com
Tel. (804) 344-3442

Tillman J. Breckenridge, Esq.
tbreckenridge@reedsmith.com
REED SMITH LLP
1301 K Street, NW
Suite 1000 - East Tower
Washington, DC 20005
Tel. (202) 414-9285

*Attorneys for Appellee Santander Consumer USA, Inc.*

Cory L. Zajdel
Z LAW, LLC
301 Main Street, Suite #2-D
Reisterstown, MD 21136
clz@zlawmaryland.com
(443) 213-1977

*Attorney for Plaintiffs-Appellants*

Dated:  June 19, 2015                    /s/*Julie Nepveu*
                                         Julie Nepveu
                                         Attorney for AARP

27