RECORD NO. 14-2392

*In The*
# United States Court of Appeals
*For The Fourth Circuit*

**ARCH SPECIALTY INSURANCE COMPANY,**

*Plaintiff – Appellee,*

**v.**

**TRAVIS HEDRICK,**

*Defendant – Appellant,*

**and**

**TALLEY RESTAURANTS, INC., d/b/a Inferno,**

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**PETITION FOR REHEARING OR FOR *EN BANC* REHEARING**

**Douglas S. Harris**
**ATTORNEY AT LAW**
**1698 Natchez Trace**
**Greensboro, North Carolina  27455**
**(336) 288-0284**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## Table of Contents

**Page**

Table of Authorities ................................................................................................ ii

I.     Statement Required by Federal Rule of Appellate Procedure 35 and Fourth Circuit Local Rule 40 ...................................................... 1

     A.     Introduction ........................................................................................ 1

     B.     Statement of Purpose ......................................................................... 2

II.    Discussion ................................................................................................... 4

     A.     The Summary Judgment Record ...................................................... 6

     B.     The District Court Decision ............................................................. 8

     C.     The Panel Decision ......................................................................... 10

     D.     Analysis .......................................................................................... 10

III.   Request For Relief .................................................................................... 14

Certificate of Service ........................................................................................... 15

# Table of Authorities

**Page(s)**

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980) ..................................................................................3

*Brooks v. Arthur*,
    626 F.3d 194 (4th Cir. 2010) ............................................................... 11

*Kenny v. Quigg*,
    820 F.2d 665 (4th Cir. 1987) ............................................................ 4, 13

*Kremer v. Chemical Construction Corp.*,
    456 U.S. 461 (1982) .......................................................................... 3, 12

*Marrese, et al., v. American Academy of Orthopaedic Surgeons*,
    470 U.S. 373 (1985) .................................................................. 3, 11, 12

*Montana v. United States*,
    440 U.S. 147, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979) ....................... 13

*St. Paul Fire and Marine Insurance Company v.*
*Vigilant Insurance Company*,
    919 F.2d 235 (4th Cir. 1990) ....................................................... 1, 3, 13

*State Auto Ins. Cos. v. Summy*,
    235 F.3d 131 (3d Cir. 2000) ..................................................................5

*In Re Varat Enterprises, Inc., v.*
*Nelson Mullins, Riley and Scarborough*,
    81 F.3d 1310 (1996) ............................................................................ 13

*Wallis v. Justice Oakes II, Ltd.*,
    898 F.2d 1544 (11th Cir.), *cert. denied*,
    498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990) .......................4

*Waste Management of Carolinas, Inc., v.*
*Peerless Insurance Company,*
        315 N.C. 688, 340 S.E.2d 374 (1986) ............................................... 3, 6

*Younger v. Harris,*
        301 U.S. 37 (1971) ........................................................................ 3, 14

**<u>Statute</u>**

28 U.S.C. § 1738 ...........................................................................................2

Appeal: 14-2392      Doc: 31          Filed: 09/01/2015      Pg: 4 of 19

I. **Statement Required by Federal Rule of Appellate Procedure 35 and Fourth Circuit Local Rule 40**

A. **Introduction**

Appellant Travis Hedrick, who did nothing wrong and was a business invitee of Talley Restaurants, Inc., was nevertheless ejected by the bouncers employed by Talley Restaurants. The employees' negligence in the course of that ejection severely injured Mr. Hedrick. On 11 March 2013, the matter was called for trial and plaintiff insurance company, Arch, who had previously abandoned the case, failed to appear, offered no witnesses and no evidence. The State Trial Judge at the call of trial heard and considered the testimony and exhibits and found that Talley Restaurants' employees had proximately caused the plaintiff's injuries by their negligence and entered a verdict of $2.75 million.

Subsequently, Arch filed a Declaratory Action in Federal Court. The District Court Judge, without hearing witnesses or taking any evidence, made factual findings that superseded and contradicted those of the State Trial Judge and granted summary judgment in favor of Arch.

The Panel, *per curiam*, held that there was no reversible error.

The Panel decision conflicts with other decisions of this Circuit, most strikingly *St. Paul Fire and Marine Insurance Company v. Vigilant Insurance Companies*, 919 F.2d 235 (4th Cir. 1990), other Circuits and the

1

Supreme Court and raises questions of exceptional importance for the protection of valuable State interests in protecting its own court decisions and court judgments.

### B. Statement of Purpose

Appellant's purpose in seeking rehearing and en banc review is to secure uniformity of decisions upon important principles of upholding State Court judgments, the State's interest in preserving and enforcing State Court judgments, and complying with the Full Faith and Credit Clause of the United States Constitution as applied to the Federal Courts by 28 U.S.C. § 1738.

The Panel decision conflicts with decisions of this and other Circuits and cannot be reconciled with established Supreme Court and Fourth Circuit cases:

    (1)    The Panel decision cannot be reconciled with Supreme Court rulings which preclude the District Court from jurisdiction to make this unprecedented intrusion into the North Carolina judicial system by overruling and superceding the factual

findings of a North Carolina Trial Judge who has seen, heard and assessed witnesses and considered evidence at trial.[1]

(2)   The Panel decision abrogates the North Carolina established doctrine, "The insurer's refusal to defend is at his own peril; if the evidence subsequently presented at trial reveals that the events are covered, the insurer will be responsible . . ." *Waste Management of Carolinas, Inc., v. Peerless Insurance Company*, 315 N.C. 688, 693, 340 S.E.2d 374, 378 (1986). This North Carolina policy has been adopted and approved by the Fourth Circuit. "Under North Carolina law, however, in breaching its duty to defend, [the insurance company] relinquished any right to litigate whether the events actually occurred . . ." *St. Paul and Marine Insurance Company v. Vigilant Insurance Company*, 919 F.2d 235 (4th Cir. 1990).

(3)   The Panel decision also abrogates the principle of claim preclusion which prohibits Arch from re-litigating in federal court what Arch had declined to argue in State Court thereby taking a second bite at the apple. When "the Parties are

---

[1]  *Marrese, et al., v. American Academy of Orthopedic Surgeons*, 470 U.S. 373 (1985); *Younger v. Harris*, 401 U.S. 37 (1971); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461; *Allen v. McCurry*, 449 U.S. 90 (1980).

3

identical <u>or in privity</u> in the two actions," a party in privity in a State action and a related Federal action may not re-litigate facts found by a State Trial Judge. *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987); *Wallis v. Justice Oakes II, Ltd.*, 898 F.2d 1544 (11th Cir.). Arch does not dispute that it is in privity with Talley in the State case.

It is of exceptional importance that the Panel decision be reviewed and reversed because it thwarts and undermines the State's Constitutional interest in protecting its court process and judgments from unwarranted federal intrusion.

## II.   Discussion

Travis Hedrick, a business invitee at Talley, brought suit against Talley and its employees as a result of an incident in which Talley's bouncers, without basis for doing so, ejected Hedrick. As the Trial Court found, the employees, acting within the course and scope of their employment in the course of ejecting Hedrick, negligently dropped Mr. Hedrick on the cement floor, causing his head to hit the cement floor and proximately caused the damages found in this case. The Trial Court further found "the handling of the plaintiff . . . by defendant's employees . . . was negligent [in that] they handled him [Hedrick] in a negligent and careless

4

manner which led directly to his head striking the cement." The Trial Court also found as to the issue of proximate cause that "As a direct and proximate result of plaintiff striking his head after being dropped by the security, plaintiff sustained life-threatening injuries. . ."

Arch, according to its own insurance policy with Talley, had a "right and duty to defend the insured against any suit seeking [personal injury] damages." Nevertheless, without seeking approval or permission from the State Court, Arch, after its own internal investigation, abandoned its defense of Talley and ignored the State Trial Court's notice and the opportunity to appear at trial to present witnesses, evidence, and to exercise its right to a full and fair trial on all issues. The permission of the State Trial Court for Arch to abandon its defense was particularly called for in light of what the Third Circuit Court of Appeals described as "an inherent conflict of interest between an insurer's duty to defend in a State Court and its attempt to characterize that suit in Federal Court as falling within the scope of a policy exclusion." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).

Arch did not appeal any aspect of the Trial Judge's ruling to the North Carolina Court of Appeals nor to the North Carolina Supreme Court and the Trial Court's judgment is final.

5

It is also significant that when the testimony, taken under oath, and heard and adjudged by the Trial Judge was reduced to unappealed findings of fact that those findings were overruled by a District Court Judge who heard no testimony and reviewed no additional evidence.

The Panel, in a *per curiam* opinion ruled there was no reversible error.

### A.     The Summary Judgment Record

North Carolina's position in regulating Arch as an insurance carrier and governing the abandonment of the insured by Arch which shirked its duty to defend is well-established and harsh. The North Carolina Supreme Court has ruled "The insurer's refusal to defend is at its own peril." *Waste Management*, *supra.*

After Arch abandoned its insured and failed to appear at trial, the Trial Court made findings of fact which locked in Arch. The North Carolina Supreme Court mandates that Arch's duty to pay is bound by the Trial Court's decision including its findings of fact and conclusions of law. "An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings; its duty to pay is measured by the facts ultimately determined at trial." *Waste Management*, *supra.* at 377.

The most relevant findings of fact by the Trial Court are as follows: Finding (2) – "Employees of [Talley] acting within the course and scope of

6

their employment . . . negligently dropped plaintiff on the cement floor, causing plaintiff's head to hit the cement floor." Finding (4) – "The handling of plaintiff . . . by defendant's employees . . . was negligent in that . . . they handled him in a negligent and careless manner which led directly to his head striking the cement." Finding (7) – "As a direct and proximate result of the plaintiff striking his head after being dropped by the security, plaintiff sustained life-threatening injuries including a major concussion, bleeding of the brain resulting in head surgery (twice), being in an extended coma, large medical bills, pain and suffering, loss of income, and permanent injury including having seizures . . . loss of motor mechanical ability . . . together with other major, permanent medical complications."

The Trial Judge who heard the witnesses and considered the evidence found nothing to indicate any intentional misconduct nor any evidence of battery relating to proximately causing the plaintiff's head injuries, nor does any such evidence appear in the Record. The Trial Judge concluded that Hedrick's injuries were caused by his head striking the cement which was in turn proximately caused by the employees' negligently and carelessly dropping him. Arch did not appeal any aspect of the Trial Judge's ruling to the North Carolina Court of Appeals nor to the North Carolina Supreme

Court. Instead, Arch's attorneys attempted to by-pass the Trial Court and seek a re-trial in Federal Court.

### B.  The District Court Decision

The District Court Judge took no testimony, examined no new documents, and allowed no discovery. Nothing new was presented in front of the District Court Judge that was not presented in front of the State Court Trial Judge except a new – and unsupported – argument by Arch that the proximate cause of Hedrick's injury was from battery rather than from negligence.

The District Court Judge began his analysis of this case on page 13 of his Order by stating, "The most efficient starting place for analysis, therefore, is the underlying judgment upon which Hedrick predicates his claims. For, if the underlying judgment fails to provide a basis for recovery, any failure of the underlying complaint to do so will not matter." The District Court Judge departed from his stated goal almost immediately, however, in the footnote on the same page 13 of his Order. "Because as shown, *infra*, the facts of this case clearly show a battery, whether an assault also occurred need not be considered."

The District Court Judge, thereafter, departs from his stated purpose and writes at length about the law of battery in various states and does not

8

return to any of the pertinent findings of the State Trial Judge until four pages later. When the District Court Judge does return to the Trial Judge's findings in the Order, it is only to overturn a finding of fact in the manner of a Court of Appeals overturning a trial judge who has made findings with insufficient basis. The District Court Judge makes findings of fact which overturn the Trial Judge and finds "that a battery occurred, [the Trial Judge's] findings of negligence notwithstanding." Ironically, it is the District Court's factual finding of battery that has no basis in the Record. The District Court Judge, impermissibly and without having heard any witnesses or examined any documents at trial, overturns the factual findings of the Trial Judge who did.

Next, the District Court Judge's speculation reaches a new low when he (who was not present at the State Court trial) writing for the benefit of Arch (also not present at the State Court trial) without the benefit of any facts found in the Record imagines what was argued at trial. In the footnote at the bottom of page 20 of the Order, the District Court Judge says, "Yet, now, Hedrick seeks to have this Court conclude that the underlying judgment's specific findings of 'negligence,' <u>which Hedrick likely urged in view of Arch's policy limits</u>, should take precedence over his prior

9

allegations of battery and other intentional misconduct." There is no remote support for such a speculative proposition in the Record.

The District Court Judge concludes with a statement, "As to Count I of Arch's complaint, there is no genuine dispute that Hedrick's claim resting on the underlying judgment, arose out of a battery and was subject to the assault and battery endorsement's $100,000.00 limit."

There is indeed a "genuine dispute" and that genuine dispute is between the District Court Judge who heard no witnesses, took no evidence, and was not present at the State trial and the State Trial Judge who was present, heard and considered the witnesses sworn testimony and made the findings of fact in the case called for trial.

### C.     The Panel Decision

The Panel, without comment on the District Court's reversal of the Trial Judge's findings of fact nor any discussion of preclusion of the District Court in considering and overturning a final State judgment involving parties in privity, stated simply that there was no reversible error.

### D.     Analysis

The District Court lacked jurisdiction to consider and overturn the findings of fact of the State Trial Judge in an Order that had become final under North Carolina law. Only the North Carolina Court of Appeals or the

10

North Carolina Supreme Court could have overturned those findings of fact if Arch had timely appealed the Trial Judge's decision – which it did not. The District Court Judge only had the limited jurisdiction to consider whether the Arch policy which is in the Record covered the negligent acts of the Talley employees which, in turn, proximately caused Hedrick's injuries as found by the State Trial Court.

> When a Federal Court determines the preclusive effect of a State Court judgment, it is required by the Full Faith and Credit Act, 28 U.S.C. § 1738, to give the State Court judgment the same preclusive effect as would the Courts of the State rendering the judgment.

*Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010).

Neither did the District Court Judge have jurisdiction and authority to countermand established North Carolina law mandating the consequences for insurance carriers which abandon the defense of their insured and fail to avail themselves of a full and fair opportunity to appear at trial and present witnesses and evidence.

> Under 28 U.S.C. § 1738, a Federal Court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect . . . . This statute directs the Federal Court to refer to the preclusion law of the State in which the judgment was rendered.

*Marrese, et al., v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985).

11

> It has long been established that § 1738 does not allow Federal Courts to employ their own rules of res judicata in determining the effect of State judgments. Rather, it goes beyond the common law and commands a Federal Court to accept the rules chosen by the State from which the judgment is taken.

*Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 481-482 (1982).

> Section 1738 embodies the concerns of comity and federalism that allow the States to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts.

*Marrese, et al., v. American Academy of Orthopaedic Surgeons*, *supra.*

Arch hired attorneys, appeared in this case, and does not contest on this Record that it was in privity with Talley in the State Court action which led to a judgment. Arch had notice and opportunity to appear at trial, but abandoned its insured and did not appear. Arch may not now avoid the judgment, by urging the District Court Judge to violate the established law in North Carolina, violate the principles of preclusion for Federal Court, and overrule the State Trial Judge's findings of fact as if the District Court Judge were sitting as the Court of Appeals.

> Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.

12

*In Re Varat Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough*, 81 F.3d 1310 (1996).

> [The rule of claim preclusion] operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a Court of competent jurisdiction" in the first litigation.

*In Re Varat Enterprises, Inc.*, *supra.*, qting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979).

> Generally, claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical <u>or in privity</u>, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In Re Varat Enterprises, Inc.*, *supra.*; *Kenny v. Quigg*, *supra.*

    This decision is error because the District Court Judge's decision contradicts established North Carolina law governing insurance companies and contradicts prevailing rulings of the Fourth Circuit on the subject (*St. Paul*, *supra*), and also because it is a basic affront to the sovereignty of North Carolina and North Carolina's rights under Full, Faith, and Credit, and the State's important interest in enforcing the rulings and judgments of its own judicial system.   North Carolina's legitimate interest is reinforced by the Supreme Court.

13

> This underlying reason . . . is re-enforced by an even more vital consideration, the notion that comity, that is a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways . . .

*Younger v. Harris*, 301 U.S. 37, 43 (1971). Justice should not permit a trial to be superceded with a second bite at the apple in federal court. A party to a trial is entitled to one trial only; not a second chance by seeking to re-litigate issues already decided.

### III.   Request For Relief

In the interest of justice and fairness, this decision must be overturned.

/s/ Douglas S. Harris
Douglas S. Harris
ATTORNEY AT LAW
1698 Natchez Trace
Greensboro, North Carolina  27455
Telephone:  336-288-0284
Facsimile:  336-282-9667
Email:  dharris12@triad.rr.com

## Certificate of Service

I certify that on September 1st, 2015, I caused this Petition for Rehearing or For *En Banc* Rehearing to be filed electronically with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Lovic A. Brooks, III
JANIK, LLP
Post Office Box 136
Columbia, South Carolina 29202
(803) 254-5300

Richard L. Pinto
PINTO, COATES, KYRE &
  BOWERS, PLLC
3203 Brassfield Road
Post Office Box 4848
Greensboro, North Carolina 27404
(336) 282-8848

Steven G. Janik
Crystal L. Maluchnik
JANIK, LLP
9200 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147
(440) 838-7600

/s/ Douglas S. Harris
*Attorney for Appellant*