# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> Defendants-Appellants. | No. 17-1351 <br><br><br> **PLAINTIFFS-APPELLEES' RESPONSE TO ORDER REGARDING INITIAL EN BANC REVIEW** |

On March 27, the Court ordered the parties to file responses "stating their position on the appropriateness of initial en banc review in this case." Order (Dkt. No. 40). Plaintiffs-Appellees (hereinafter "Plaintiffs") respectfully submit that in light of the exceptional importance of this case, initial en banc review is appropriate. Fed. R. App. P. 35(a)(2).

Initial hearing by the en banc court is authorized by rule and statute. *See* Fed. R. App. P. 35(a) (providing that a case may be "heard or reheard by the court of appeals en banc"); 28 U.S.C. § 46(c) (similar); *see also Meadows v. Holland*, 831 F.2d 493, 494 (4th Cir. 1987) (initial hearing en banc), *vacated on other grounds*, 489 U.S. 1049 (1989). While initial hearing en banc is not particularly common, this court has invoked its initial en banc authority when appropriate, *see, e.g.*, *Meadows*, 831 F.2d at 494,

1

and courts of appeals have repeatedly chosen to proceed in this manner in cases raising important questions regarding the lawfulness of nationwide executive action, *see, e.g.*, *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. May 16, 2016) (en banc) (*sua sponte* ordering initial hearing en banc in challenge to presidential Clean Power Plan); *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1125 (10th Cir. 2013) (en banc) (initial hearing en banc granted in light of the "exceptional importance of the questions presented" by challenge to regulations), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014).

There can be little doubt that the issues presented by this case meet the standard for initial en banc consideration. The litigation arising out of the President's executive orders barring, *inter alia*, nationals of certain Muslim-majority countries has been of clear and exceptional importance since its outset. That is so in part because of the devastating impact these orders have had on tens of thousands of individuals and families. *See Washington v. Trump*, 847 F.3d 1151, 1157 (9th Cir. 2017) (describing the "immediate and widespread" chaos resulting from the original version of the order, pursuant to which "thousands of visas were immediately canceled, hundreds of travelers with such visas were prevented from boarding airplanes bound for the United States or denied entry on arrival, and some

travelers were detained"), *reconsideration en banc denied*, 2017 WL 992527 (Mar. 15, 2017); *Int'l Refugee Assistance Project v. Trump* ("*IRAP*"), ___F. Supp. 3d at ___, 2017 WL 1018235, at *4-*8 (D. Md. Mar. 16, 2017) (describing injuries to plaintiffs, including "continuing separation from their respective family members" and "stigmatizing injuries" caused by the Order's anti-Muslim message).

This case is also exceptionally important because of the fundamental principle at stake: Whether or not the courts must look away when the President acts in violation of some of our most cherished constitutional values. *See United States v. Bartko*, 728 F.3d 327, 342 (4th Cir. 2013) ("No [one] in this country is so high that [she or] he is above the law . . . . All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it.") (first two alterations in original, internal quotation marks omitted); *see also Hawai'i v. Trump*, No. 17-cv-00050-DKW-KSC, Dkt. No. 270 at 17 (D. Haw. Mar. 29, 2017) (preliminary injunction) (declining to "pretend [the court] has not seen what it has" in finding success on likelihood of the merits of Establishment Clause claim); *IRAP*, 2017 WL 1018235 at *16 ("Mindful of 'the fundamental place held by the Establishment Clause in our constitutional scheme and the myriad, subtle ways in which Establishment Clause values can be eroded,' the Court

finds that the Plaintiffs have established that they are likely to succeed on the merits of their Establishment Clause claim.") (citation omitted); *Hawai'i v. Trump*, ___ F. Supp. 3d at ___, 2017 WL 1011673, at *11 (D. Haw. Mar. 15, 2017) (temporary restraining order) ("a reasonable, objective observer—enlightened by the specific historical context, contemporaneous public statements, and specific sequence of events leading to its issuance—would conclude that the Executive Order was issued with a purpose to disfavor a particular religion"); *Aziz v. Trump*, ___ F. Supp. 3d at ___, 2017 WL 580855, at *7-9 (E.D. Va. Feb. 13, 2017) (similarly finding likelihood of success on the merits).

Although the government views the issues in this case through a different lens, it too finds them exceptionally important. *See* Corr. Mot. to Expedite (Dkt. No. 14) at 1, 8. Initial hearing en banc is thus consistent with all parties' views on the key factor. Moreover, initial en banc hearing may promote a swifter resolution of this appeal in comparison to en banc review after a panel disposition. Plaintiffs therefore respectfully submit that initial hearing en banc is appropriate.

Dated: March 30, 2017

Justin B. Cox
National Immigration Law Center
1989 College Ave. NE
Atlanta, GA 30317
Tel: (678) 404-9119
Fax: (213) 639-3911
cox@nilc.org

Karen C. Tumlin
Nicholas Espíritu
Melissa S. Keaney
Esther Sung
National Immigration Law Center
3435 Wilshire Boulevard,
Suite 1600
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
tumlin@nilc.org
espiritu@nilc.org
keaney@nilc.org
sung@nilc.org

Respectfully submitted,

/s/ Omar Jadwat
Omar C. Jadwat
Lee Gelernt
Hina Shamsi
Hugh Handeyside
Sarah L. Mehta
Spencer E. Amdur
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600
Fax: (212) 549-2654
ojadwat@aclu.org
lgelernt@aclu.org
hshamsi@aclu.org
hhandeyside@aclu.org
smehta@aclu.org
samdur@aclu.org

Cecillia D. Wang
Cody H. Wofsy
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770
Fax: (415) 395-0950
cwang@aclu.org
cwofsy@aclu.org

David Cole
Daniel Mach
Heather L. Weaver
American Civil Liberties Union
Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: (202) 457-0805
dcole@aclu.org

dmach@aclu.org
hweaver@aclu.org

David Rocah
Deborah A. Jeon
Sonia Kumar
Nicholas Taichi Steiner
American Civil Liberties Union
Foundation of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, MD  21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org
kumar@aclu-md.org
steiner@aclu-md.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2017, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Dated: March 30, 2017                              Respectfully submitted,

/s/ Omar Jadwat
Omar C. Jadwat

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(g)(1), I hereby certify that the foregoing corrected motion complies with the type-volume limitation in FRAP 27(d)(2)(A). According to Microsoft Word, the motion contains 1,550 words and has been prepared in a proportionally spaced typeface using Times New Roman in 14 point size.

Dated: March 30, 2017                                  Respectfully submitted,

                                                                            /s/ Omar Jadwat
                                                                            Omar C. Jadwat