No. 15-2056

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**G.G., by his next friend and mother, DEIRDRE GRIMM**

*Plaintiff-Appellant,*

v.

**GLOUCESTER COUNTY SCHOOL BOARD,**

*Defendant-Appellee,*

---

### MOTION TO FOR EXPEDITED BRIEFING AND ARGUMENT

Plaintiff-Appellant G.G. ("Gavin"), by his next friend and mother, Deirdre Grimm, respectfully submits this motion to expedite supplemental briefing and schedule oral argument for this Court's May 2017 sitting to facilitate a ruling before Gavin graduates high school on June 10, 2017.  In support of the motion, Plaintiff-Appellant states as follows:

### PROCEDURAL HISTORY

1.      On December 9, 2014, the Gloucester County School Board (the "Board"), passed a policy that prohibits school administrators from allowing Gavin to use the same restrooms as other boys and relegates him to separate, alternative

facilities that no other student is required to use. At the time the policy was adopted, Gavin was a sophomore.

2.      The day after his sophomore year ended, Gavin filed a Complaint arguing that the Board's policy violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and the Equal Protection Clause and filed motion for preliminary injunction allowing him to use the same restrooms as other boys. ECF No. 2.

3.      The district court dismissed the Title IX claim on July 27, 2015, ECF No. 47, denied the motion for preliminary injunction on September 4, 2015, ECF No. 53, and issued a memorandum opinion explaining its rulings on September 17, 2015, ECF No. 57.

4.      On May 19, 2016, this Court issued an opinion reversing dismissal of the Title IX claim and vacating the denial of the motion for preliminary injunction. *See G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd.*, 822 F.3d 709 (4th Cir. 2016).

5.      In its opinion, this Court held that guidance from the Department of Education, including a January 7, 2015 opinion letter interpreting 34 C.F.R. § 106.33, was entitled to controlling deference under *Auer v. Robbins*, 519 U.S. 452 (1997).

6.      The Supreme Court issued an order recalling and staying this Court's mandate on August 3, 2016, *see Gloucester Cnty. Sch. Bd. v. G.G.*, 136 S. Ct. 2442

2

(2016), and granted certiorari on October 28, 2016, *see Gloucester Cnty. Sch. Bd. v. G.G.*, 137 S. Ct. 369 (2016).

7.    On February 22, 2017, the Department of Education issued a "Dear Colleague" letter rescinding the January 7, 2015, opinion letter in light of conflicting lower court decisions and abstained from issuing any new interpretation regarding 34 C.F.R. § 106.33. A copy of the "Dear Colleague" letter is attached as Exhibit A.

8.    On March 6, 2017, the Supreme Court vacated and remanded this Court's decision for further consideration in light of the February 22, 2017 "Dear Colleague" letter. *See Gloucester Cnty. Sch. Bd. v. G.G.*, No. 16-273, 2017 WL 855755 (U.S. Mar. 6, 2017).

## FACTUAL DEVELOPMENTS

9.    On September 9, 2016, after Gavin received chest-reconstruction surgery, the Gloucester County Circuit Court issued an order legally changing Gavin's sex under state law and ordering the Virginia Department of Health to issue Gavin a birth certificate listing his sex as male. A redacted copy of the order is attached as Exhibit B.

10.    On October 27, 2016, the Virginia Department of Health issued Gavin an amended birth certificate. A redacted copy of the birth certificate is attached as Exhibit C.

3

11.    The Virginia court order and birth certificate are public records, which are subject to judicial notice. *See, e.g.*, *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 179 (4th Cir. 2009).

12.    Despite the court order and amended birth certificate, the Board continues to prohibit its administrators from allowing Gavin to use the boys' restrooms. In contrast, even the controversial North Carolina statute challenged in *Carcaño v. McCrory*, No. 1:16CV236, 2016 WL 4508192 (M.D.N.C. Aug. 26, 2016), defines "biological sex" as the sex "stated on a person's birth certificate." N.C. Gen. Stat. Ann. § 143-760.

13.    Gavin is now a senior and is scheduled to graduate on June 10, 2017.

14.    After graduation, he will still be subject to the Board's policy for purposes of attending alumni events or other activities on school grounds.

## REASONS FOR GRANTING THE MOTION

15.    Gavin has been subjected to the Board's discriminatory and stigmatizing policy for over two years.

16.    The Board's continued refusal to allow Gavin to use the boys' restrooms—despite Gavin's amended birth certification and the court order from the Gloucester County Circuit Court—makes the Board's discriminatory policy even more egregious.

4

17.    Expedited briefing will enable to the Court to issue a ruling in time for Gavin to attend his own graduation with the dignity of being able to use the same restroom facilities as the rest of his peers.

18.    Plaintiff-Appellant respectfully suggests that supplemental briefing take the form of simultaneous submissions of no more than 13,000 words and simultaneous responses of no more than 6,500 words.

19.    In the supplemental briefs, the parties will need sufficient space to address (a) the impact of the new "Dear Colleague" letter, (b) the merits of the Title IX claim without *Auer* deference, and (c) intervening case law in which three district courts granted preliminary injunctions to students challenging similar policies under Title IX and/or the Equal Protection Clause.[1]

20.    Plaintiff-Appellant notes that both parties and many *amici* recently briefed many of these issues comprehensively before the United States Supreme Court, which means that both parties will be able to provide supplemental briefs before this Court quickly.

---

[1] *See Evancho v. Pine–Richland Sch. Dist.*, No. CV 2:16-01537, 2017 WL 770619 (W.D. Pa. Feb. 27, 2017) (Equal Protection Clause); *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ*, No. 2:16-CV 524, 2016 WL 5372349, at *2-*3 (S.D. Ohio Sept. 26, 2016) (Title IX and Equal Protection Clause), *stay denied*, *Dodds v. U.S. Dep't of Educ.*, No. 16-4117, 2016 WL 7241402, at *2 (6th Cir. Dec. 15, 2016); *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ*, No. 16-CV-943-PP, 2016 WL 5239829, at *1 (E.D. Wis. Sept. 22, 2016) (Title IX and Equal Protection Clause), *stay denied*, No. 16-3522, ECF 19 (7th Cir. Nov. 10, 2016).

## NOTIFICATION OF COUNSEL

21.    Counsel for Defendant-Appellee has informed counsel for Plaintiff-

Appellant that they oppose the motion.

### CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully submits this

motion to expedite supplemental briefing and schedule oral argument for this

Court's May 2017 sitting to facilitate a ruling before Gavin graduates on June 10,

2017.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION
OF VIRGINIA FOUNDATION, INC.
Gail Deady (VSB No. 82035)
Rebecca K. Glenberg (of counsel)
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax: (804) 649-2733
gdeady@acluva.org
rglenberg@aclu-il.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
_____/s/_____
Joshua A. Block
Leslie Cooper
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
Fax:  (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

*Counsel for Plaintiff-Appellant*

Dated: March 8, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2017, I filed the foregoing

Motion with the Clerk of the Court using the CM/ECF system, which will

automatically serve electronic copies upon all counsel of record.

_____/s/_____

Gail M. Deady (VSB No. 82035)
American Civil Liberties Union
    Foundation of Virginia, Inc.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax:  (804) 649-2733
gdeady@acluva.org
*Counsel for Plaintiff-Appellee*




**U.S. Department of Justice**
*Civil Rights Division*

**U.S. Department of Education**
*Office for Civil Rights*

### Dear Colleague Letter
### Notice of Language Assistance

If you have difficulty understanding English, you may, free of charge, request language assistance services for this Department information by calling 1-800-USA-LEARN (1-800-872-5327) (TTY: 1-800-877-8339), or email us at: Ed.Language.Assistance@ed.gov.

**Aviso a personas con dominio limitado del idioma inglés:** Si usted tiene alguna dificultad en entender el idioma inglés, puede, sin costo alguno, solicitar asistencia lingüística con respecto a esta información llamando al 1-800-USA-LEARN (1-800-872-5327) (TTY: 1-800-877-8339), o envíe un mensaje de correo electrónico a: Ed.Language.Assistance@ed.gov.

**給英語能力有限人士的通知：** 如果您不懂英語，或者使用英语有困难，您可以要求獲得向大眾提供的語言協助服務，幫助您理解教育部資訊。這些語言協助服務均可免費提供。如果您需要有關口譯或筆譯服務的詳細資訊，請致電 1-800-USA-LEARN (1-800-872-5327) (聽語障人士專線：1-800-877-8339)，或電郵: Ed.Language.Assistance@ed.gov。

**Thông báo dành cho những người có khả năng Anh ngữ hạn chế:** Nếu quý vị gặp khó khăn trong việc hiểu Anh ngữ thì quý vị có thể yêu cầu các dịch vụ hỗ trợ ngôn ngữ cho các tin tức của Bộ dành cho công chúng. Các dịch vụ hỗ trợ ngôn ngữ này đều miễn phí. Nếu quý vị muốn biết thêm chi tiết về các dịch vụ phiên dịch hay thông dịch, xin vui lòng gọi số 1-800-USA-LEARN (1-800-872-5327) (TTY: 1-800-877-8339), hoặc email: Ed.Language.Assistance@ed.gov.

**영어 미숙자를 위한 공고:** 영어를 이해하는 데 어려움이 있으신 경우, 교육부 정보 센터에 일반인 대상 언어 지원 서비스를 요청하실 수 있습니다. 이러한 언어 지원 서비스는 무료로 제공됩니다. 통역이나 번역 서비스에 대해 자세한 정보가 필요하신 경우, 전화번호 1-800-USA-LEARN (1-800-872-5327) 또는 청각 장애인용 전화번호 1-800-877-8339 또는 이메일주소 Ed.Language.Assistance@ed.gov 으로 연락하시기 바랍니다.

**Paunawa sa mga Taong Limitado ang Kaalaman sa English:** Kung nahihirapan kayong makaintindi ng English, maaari kayong humingi ng tulong ukol dito sa impormasyon ng Kagawaran mula sa nagbibigay ng serbisyo na pagtulong kaugnay ng wika. Ang serbisyo na pagtulong kaugnay ng wika ay libre. Kung kailangan ninyo ng dagdag na impormasyon tungkol sa mga serbisyo kaugnay ng pagpapaliwanag o pagsasalin, mangyari lamang tumawag sa 1-800-USA-LEARN (1-800-872-5327) (TTY: 1-800-877-8339), o mag-email sa: Ed.Language.Assistance@ed.gov.

**Уведомление для лиц с ограниченным знанием английского языка:** Если вы испытываете трудности в понимании английского языка, вы можете попросить, чтобы вам предоставили перевод информации, которую Министерство Образования доводит до всеобщего сведения. Этот перевод предоставляется бесплатно. Если вы хотите получить более подробную информацию об услугах устного и письменного перевода, звоните по телефону 1-800-USA-LEARN (1-800-872-5327) (служба для слабослышащих: 1-800-877-8339), или отправьте сообщение по адресу: Ed.Language.Assistance@ed.gov.





**U.S. Department of Justice**
*Civil Rights Division*



**U.S. Department of Education**
*Office for Civil Rights*

February 22, 2017

Dear Colleague:

The purpose of this guidance is to inform you that the Department of Justice and the Department of Education are withdrawing the statements of policy and guidance reflected in:

- Letter to Emily Prince from James A. Ferg-Cadima, Acting Deputy Assistant Secretary for Policy, Office for Civil Rights at the Department of Education dated January 7, 2015; and

- Dear Colleague Letter on Transgender Students jointly issued by the Civil Rights Division of the Department of Justice and the Department of Education dated May 13, 2016.

These guidance documents take the position that the prohibitions on discrimination "on the basis of sex" in Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 et seq., and its implementing regulations, see, e.g., 34 C.F.R. § 106.33, require access to sex-segregated facilities based on gender identity. These guidance documents do not, however, contain extensive legal analysis or explain how the position is consistent with the express language of Title IX, nor did they undergo any formal public process.

This interpretation has given rise to significant litigation regarding school restrooms and locker rooms. The U.S. Court of Appeals for the Fourth Circuit concluded that the term "sex" in the regulations is ambiguous and deferred to what the court characterized as the "novel" interpretation advanced in the guidance. By contrast, a federal district court in Texas held that the term "sex" unambiguously refers to biological sex and that, in any event, the guidance was "legislative and substantive" and thus formal rulemaking should have occurred prior to the adoption of any such policy. In August of 2016, the Texas court preliminarily enjoined enforcement of the interpretation, and that nationwide injunction has not been overturned.

In addition, the Departments believe that, in this context, there must be due regard for the primary role of the States and local school districts in establishing educational policy.

In these circumstances, the Department of Education and the Department of Justice have decided to withdraw and rescind the above-referenced guidance documents in order to further and more completely consider the legal issues involved. The Departments thus will not rely on the views expressed within them.

Dear Colleague Letter

Please note that this withdrawal of these guidance documents does not leave students without protections from discrimination, bullying, or harassment. All schools must ensure that all students, including LGBT students, are able to learn and thrive in a safe environment. The Department of Education Office for Civil Rights will continue its duty under law to hear all claims of discrimination and will explore every appropriate opportunity to protect all students and to encourage civility in our classrooms. The Department of Education and the Department of Justice are committed to the application of Title IX and other federal laws to ensure such protection.

This guidance does not add requirements to applicable law. If you have questions or are interested in commenting on this letter, please contact the Department of Education at ocr@ed.gov or 800-421-3481 (TDD: 800-877-8339); or the Department of Justice at education@usdoj.gov or 877-292-3804 (TTY: 800-514-0383).

Sincerely,

Sandra Battle
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

T.E. Wheeler, II
Acting Assistant Attorney General for Civil Rights
U.S. Department of Justice

VIRGINIA:

IN THE CIRCUIT COURT OF GLOUCESTER COUNTY

In Re: Amendment of a Vital Record
for Gavin Elliot Grimm Pursuant to 32.1-269 of the Code of Virginia

Change of Gender:   from Female to Male
Date of Birth ▮▮▮▮▮                                          CL 16-326

## ORDER

This matter comes before the court based on the petition of Gavin Elliot Grimm, a minor, by and through his parents David Wayne Grimm and Deirdre Anne Grimm.  The petition requests that the court enter an order that amends a vital record in accordance with Virginia Code Section 32.1-269.  Specifically, the petitioners ask the court to enter an order directing the State Registrar to amend the birth certificate of Gavin Elliot Grimm to show a change of sex from female to male.

The court finds that the petitioner resides in Gloucester County, Virginia and that the Gloucester County Circuit Court is a court of competent jurisdiction to hear this matter.  The court also finds that an order was previously entered by the Gloucester County Circuit Court on July 25, 2014 in case number CL14000230-00 that changed the petitioner's name to Gavin Elliot Grimm to comport with his gender.   The court finds that Gavin Elliot Grimm underwent gender reassignment surgery in June 2016; that the surgery was successful; and that Gavin Elliot Grimm is now functioning fully as a male.  Therefore, the court finds that the sex of Gavin Elliot Grimm has been properly changed by a medical procedure and that it is in his best interests to amend his birth certificate.

As a result of the foregoing, the court does hereby ORDER that the State Registrar be and hereby is authorized and directed to amend the birth certificate of Gavin Elliot Grim to show the change of sex from female to male.



EXHIBIT

B

The clerk shall send a copy of this order to the petitioner and to the State Registrar.

This cause is ended and shall be stricken from the Court's docket.

ENTER:    9 / 9 / 2016

JUDGE                    Jeffrey W. Shaw

WE ASK FOR THIS:

Gavin Elliot Grimm

David Wayne Grimm

Deirdre Anne Grimm

Bary W. Hausrath, Esq. (VSB #73013)
The Law Office of Bary W. Hausrath, PLLC
P.O. Box 13890, Richmond, VA 23225
122 Granite Avenue, Richmond, VA 23226
(T) 804-482-1649
(F) 888-583-4991

I certify that the document(s) to which this
authentication is affixed are true copies of a
record in the Gloucester County Circuit Court,
that I have custody of the record and that I
am the custodian of that record.
Margaret Walker, Clerk
By_____  Dep. Clerk

Gloucester Circuit Court
Virginia
Margaret Walker
Clerk of Court

CERTIFICATE OF VITAL RECORD
VERIFY PRESENCE OF WATERMARK    HOLD TO LIGHT TO VIEW

# COMMONWEALTH OF VIRGINIA
### DEPARTMENT OF HEALTH – DIVISION OF VITAL RECORDS

### CERTIFICATE OF LIVE BIRTH

**STATE FILE NUMBER:**

**NAME OF REGISTRANT:** GAVIN ELLIOT GRIMM

**DATE OF BIRTH:** ███████    **SEX:** MALE

**PLACE OF BIRTH:** NEWPORT NEWS, VIRGINIA

**MAIDEN NAME OF MOTHER:** DEIRDRE ANNE SMITH

**AGE OF MOTHER:** 34

**MOTHER'S PLACE OF BIRTH:** VIRGINIA

**NAME OF FATHER:** DAVID WAYNE GRIMM

**AGE OF FATHER:** 38

**FATHER'S PLACE OF BIRTH:** PENNSYLVANIA

**DATE RECORD FILED:** MAY 17, 1999

This is to certify that this is a true and correct reproduction or abstract of the official record filed with the Virginia Department Of Health, Richmond, Virginia

DATE ISSUED  **October 27, 2016**

*Janet M. Rainey*
Janet M. Rainey, State Registrar

Do not accept unless on security paper with the seal of Virginia Department of Health, Vital Statistics in the lower left hand corner. Section 32.1-272, Code of Virginia, as amended.    VS 15B

**VOID WITHOUT WATERMARK OR IF ALTERED OR ERASED**

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS

Department of Health
P.O. Box 1000

EXHIBIT C

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus
case, except that a disclosure statement is **not** required from the United States. from an indigent
party, or from a state or local government in a pro se case. In mandamus cases arising from a
civil or bankruptcy action, all parties to the action in the district court are considered parties to
the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are
required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the
required disclosure statement, counsel may file the disclosure statement in paper rather than
electronic form. Counsel has a continuing duty to update this information.

No. 15-2056      Caption: G.G. v. Gloucester County School Board

Pursuant to FRAP 26.1 and Local Rule 26.1,

G.G., by his next friend and mother, Deirdre Grimm
(name of party/amicus)

who is         Appellant        , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.   Does party/amicus have any parent corporations?                ☐ YES ☑ NO
     If yes, identify all parent corporations, including all generations of parent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
     other publicly held entity?                                    ☐ YES ☑ NO
     If yes, identify all such owners:

09/29/2016 SCC                     - 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Gail M. Deady _____    Date: _____ March 8, 2017 _____

Counsel for: Appellee _____

## CERTIFICATE OF SERVICE
***************************

I certify that on _____ March 8, 2017 _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

/s/ Gail M. Deady _____        March 8, 2017 _____
        (signature)                                      (date)

- 2 -